```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:08-00116-02

**RAYMOND BROWN**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On November 3, 2015, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Raymond Brown, appeared in person and by his counsel, Brian D. Yost, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Lilla Adkins.  The defendant commenced a five-year term of supervised release in this action on December 11, 2012, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on October 17, 2008.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on October 30, 2013, that he had used synthetic marijuana on or about October 26, 2013; a positive urine specimen submitted by him on January 15, 2014, at which time he admitted to the probation officer that he used marijuana; a positive urine specimen submitted by him on February 28, 2014, at which time he admitted to the probation officer that he used marijuana; a positive urine specimen submitted by him on September 1, 2015, at which time he admitted to the probation officer that he had been using marijuana for the previous two months; and a positive urine specimen submitted by him on October 1, 2015, for marijuana at which time he admitted to the probation officer that he had used marijuana approximately one week prior; (2) the defendant failed to abide by the condition that he not leave the judicial district without permission inasmuch as on March 2, 2015, he was the driver of a vehicle during a traffic stop conducted by a state highway patrolman in Franklin County, Ohio; (3) the defendant failed to

submit monthly supervision reports for June and July 2015; (4) the defendant failed to report to the probation officer as directed on August 21, 2015; (5) the defendant failed to participate in the employment program at Goodwill Industries as directed by the probation officer on February 27, 2015, inasmuch as he missed numerous appointments and never completed the program as directed; (6) the defendant failed to complete community service hours as directed by the probation officer inasmuch as he failed to appear as directed and never attempted to complete community service hours; (7) the defendant failed to work regularly at a lawful occupation inasmuch as he was not employed from October 2014 up to the time of the filing of the petition on September 23, 2015; (8) the defendant failed to abide by the condition that he not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony inasmuch as on May 30, 2014, he was a passenger in a vehicle driven by Randy A. Taylor, II, who was stopped, questioned, failed several field sobriety tests, was arrested and charged with driving under the influence, and who had previously been convicted of possession with intent to distribute oxycodone in United States District Court; (9) the defendant failed to notify the probation officer within 72 hours

3

of the traffic stops in which he was involved on May 30, 2014, and March 2, 2015; (10) the defendant failed to report for drug testing as directed on August 13, 2014, and April 14, May 15, June 9 and August 27, 2015; and (11) the defendant failed to attend drug treatment as directed on February 5, April 14, 17 and 28, 2015; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the

**United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of fifty-four months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend a period of six months in a community confinement center and participate in outpatient substance abuse counseling and treatment as directed by the probation officer or, alternatively if available, that he spend a period of six (6) months in a residential drug abuse treatment center where he can receive substance abuse counseling and treatment on an inpatient basis.  Once released, the defendant shall continue to participate in drug abuse counseling and treatment as directed by the probation officer.**

　　　　**The defendant was remanded to the custody of the United States Marshal.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

                                               DATED:  November 13, 2015

                                               John T. Copenhaver, Jr.
                                               United States District Judge